**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-30228 |
| Plaintiff-Appellee, | D.C. Nos.<br>6:18-cr-00011-BMM-1<br>6:18-cr-00011-BMM |
| v. | |
| ADAM GALLIHER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted November 10, 2021[**]
Portland, Oregon

Before:  GRABER and CHRISTEN, Circuit Judges, and WU,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

Adam Galliher, Jr., appeals the district court's order denying his motion to suppress all evidence derived from Deputy Sheriff Greg Holmlund's investigatory stop of Galliher. Galliher argues: (1) Holmlund did not have reasonable suspicion to stop him; and (2) the attenuation doctrine did not apply to the evidence derived from the stop.

The typical remedy for a Fourth Amendment violation by law enforcement is suppression or exclusion of the evidence obtained as a result of the violation. *See Utah v. Strieff*, 136 S. Ct. 2056, 2061 (2016). One exception to the exclusionary rule is the attenuation doctrine: "Evidence [remains] admissible when the connection between unconstitutional police conduct and the evidence is remote or has been interrupted by some intervening circumstance, so . . . 'the interest protected by the constitutional guarantee that has been violated would not be served by suppression of the evidence obtained.'" *Id.* (quoting *Hudson v. Michigan*, 547 U.S. 586, 593 (2006)).

Whether the attenuation doctrine applies depends on: (1) "the 'temporal proximity' between the unconstitutional conduct and the discovery of evidence"; (2) "the presence of intervening circumstances"; and (3) "the purpose and flagrancy of the official misconduct." *Id.* at 2061–62 (quoting *Brown v. Illinois*, 422 U.S. 590, 603–04 (1975)). All factors need not weigh against suppression, and

2

suppression is appropriate only when "its deterrence benefits outweigh its substantial social costs." *Id.* at 2061 (quoting *Hudson*, 547 U.S. at 591).

The government concedes the temporal proximity factor favors suppression in this case. As for the presence of intervening circumstances, we look to the Supreme Court's recent decision in *Strieff*. There, the Court applied the attenuation doctrine because an outstanding warrant broke the causal chain between an unlawful stop of an individual leaving a suspected drug house and the discovery of inculpatory evidence. *Id.* at 2063. The Court reasoned "the warrant was valid, it predated [the officer's] investigation, and it was entirely unconnected with the stop." *Id.* at 2062.

Here, after stopping Galliher to investigate whether he was a person of interest, Holmlund discovered that Galliher had absconded from probation. Holmlund relayed Galliher's absconder status to on-the-scene probation and parole officers. Galliher was arrested, and, consistent with the terms of his probation, the probation and parole officers searched the vehicle he was in. They found drug paraphernalia and a firearm.[1] Galliher does not deny that he had absconded from

---

[1] Relying on the items the probation and parole officers found during their search, Holmlund later obtained and executed a search warrant for the vehicle and found a loaded pistol, ammunition, plastic baggies, a digital scale, and two plastic baggies containing methamphetamine.

probation nor challenge that he was subject to arrest for absconding, and his absconder status existed before Holmlund's investigatory stop. The district court correctly held that Holmlund's discovery of Galliher's absconder status was an intervening circumstance that provided a lawful reason to detain Galliher, independent of anything that had happened before.

Galliher next argues that the attenuation doctrine's flagrant-misconduct factor favors suppression. We disagree. Although Holmlund's decision to continue to detain Galliher was potentially unlawful after the probation officer verified that Galliher was not the individual who ran earlier, we agree with the district court that there was no flagrant bad faith here. The district court found that Holmlund acted in response to: (1) a request for assistance from the on-the-scene probation and parole officers; and (2) their description of a person of interest whom Galliher resembled. The district court also found that Holmlund "conducted a targeted search of the most logical area that the man who[m] probation initially encountered may have gone to hide." *See United States v. Ceccolini*, 435 U.S. 268, 279–80 (1978) (giving weight to a showing that officers did not conduct an illegal search with the intent of locating the evidence at issue). We find no clear error in the district court's finding that Holmlund did not engage in flagrant or purposeful misconduct.

**AFFIRMED.**